UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MADISON BRANHAM, ) | |
| ) | |
| ) | Civil No. 5:21-cv-00219-GFVT |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| EMPLOYERS MUTUAL CASUALTY ) | **ORDER** |
| COMPANY, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Madison Branham was injured in an automobile accident in late 2019. [R. 1-1 at 2.] She filed suit against Employers Mutual Casualty Company and the unknown driver who hit the car she was a passenger in, allegedly causing the accident, to recover damages for her injuries. *Id.* at 1-5. Now pending before the Court is Branham's Motion to Remand [R. 6] the case back to Kentucky state court. For the reasons that follow, the Motion to Remand [R. 6] will be **DENIED**.

**I**

Branham was a passenger in a vehicle allegedly involved in a hit-and-run accident, causing severe injuries. [*See* R. 1-1 at 9.] Branham originally filed this claim in Mercer Circuit Court, seeking enforcement of her underinsured motorist policy with EMC and judgment against the unknown hit-and-run driver for their negligence. *Id.* at 2-5. EMC quickly removed the action to this federal court on the basis of diversity jurisdiction. [R. 1.] EMC also filed an Answer to Branham's Complaint, raising a Counterclaim against Branham under the Declaratory

Judgment Act, asking the Court to determine its obligations under the policy. [R. 3.] Branham then filed this Motion to Remand the case back to Mercer Circuit Court. [R. 6.]

Branham presents two grounds on which the Court should remand the case back to state court. First, she argues that the Court should decline to exercise jurisdiction because the case presents a novel issue of state law (whether a policyholder is entitled to both uninsured and underinsured motorist benefits). [R. 6 at 3-10.] The Court allegedly has discretion to decline jurisdiction on this ground because EMC's counterclaim is under the Declaratory Judgment Act. *Id.* She also asks the Court to remand because Joseph Baker is allegedly an indispensable party whose joinder would destroy diversity jurisdiction. *Id.* at 11-14. In response, EMC argues that the Court does not actually have discretion over whether to exercise jurisdiction because Branham asserted a breach of contract claim that is closely intertwined with the claim for declaratory judgment. [R. 9 at 4-8.] It also claims Joseph Baker is not in fact an indispensable party. *Id.* at 13-17. The Motion to Remand is now ripe for review.

**II**

**A**

The first issue is whether the Court does, as Branham alleges, have discretion over whether to exercise jurisdiction. The Declaratory Judgment Act states federal courts "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). This allows federal courts to not entertain actions for declaratory judgment even though subject matter jurisdiction is present. *See Adrian Energy Assoc. v. Michigan Pub. Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007). This discretion is based on judicial economy and is generally used to avoid duplicitous state and federal litigation. *Id.* Branham asks the Court to use this discretion and decline to resolve her claim because the

2

case presents a novel issue of state law. [R. 6 at 3-10.] Five factors influence whether a court should exercise jurisdiction over a claim for declaratory judgment:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000). Naturally, Branham claims these factors weigh in her favor [R. 6 at 3-10] and EMC argues they weigh in its favor [R. 9 at 8-13]. However, EMC argues as an initial matter that the Court does not have discretion over whether to exercise jurisdiction in this case because there is a breach of contract claim that is closely intertwined with the declaratory judgment claim. *Id.* at 4-8.

When there are claims that the Court must exercise jurisdiction over, such as claims for damages or injunctive relief, that are closely intertwined with the claim for declaratory relief, judicial economy no longer favors declining jurisdiction. *Adrian*, 481 F.3d at 422-23. In this circumstance, courts should still hear the declaratory claim. *Id.* The procedural posture of this case is distinct from most scenarios where this practice arises. Rather than a complaint requesting declaratory relief along with other forms of relief, the claim for declaratory relief was raise in EMC's counterclaim. [*See* R. 3.] EMC states this distinction "does not change the analysis in this case," but provides no legal support for that assertion. [R. 9 at 8, n. 2.] Branham did not address this initial inquiry in her Motion to Remand and did not file a Reply.

District courts' practice of declining to exercise jurisdiction over actions for declaratory relief when there are closely intertwined non-declaratory claims is based on judicial economy. *See Adrian*, 481 F.3d at 422-23. When there are claims the federal court must hear in addition to

a claim for declaratory relief, "the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated." *Id.*  Therefore, when a case includes claims for damages or injunctive relief that are "closely intertwined" with the claim for declaratory relief, "judicial economy counsels against dismissing the claims for declaratory relief." *Id.*  This theory is not affected by whether an intertwined claim is raised in the complaint or a counterclaim. *Reilly* posed a very similar procedural posture to the case at hand.  The plaintiff—EMC, the defendant in this case—filed a complaint requesting declaratory relief, and the defendant counterclaimed for breach of the policy and breach of contract. *Emp'rs Mut. Cas. Co. v. Reilly Plating Co.*, No. 08-12145, 2008 WL 4757315 (E.D. Mich. Oct. 29, 2008).  The court held: "because the defendant filed a counterclaim that the Court must hear, there is no judicial economy advantage to dismissing the plaintiff's declaratory judgment action." *Id.* at *5.  This Court agrees and holds that *Adrian* still counsels against declining jurisdiction when a "closely intertwined" non-declaratory claim is raised in a counterclaim rather than the initial complaint.  Accordingly, this Court will not decline to exercise jurisdiction if Branham and EMC's claims are closely intertwined.

  Branham's claims are closely intertwined with EMC's claim for declaratory relief.  Though the grounds for her claim against EMC are not entirely clear from the Complaint, the Court infers that she is requesting enforcement of her insurance policy with EMC.  [R. 1-1 at 5.]  Though her grounds are unclear, she is definitively requesting damages. *Id.*  EMC requests the Court determine their "rights and other legal obligations" under the same policy.  [R. 3 at 13.]  Therefore, both claims revolve around the EMC policy.  Courts across this circuit have found that a claim for declaratory relief stating an insurer's requirements under a policy and a claim for breach of that policy are "closely intertwined." *Tibbits v. Great N. Ins. Co.*, No. 2:20-cv-10029,

4

2020 WL 4333546, at *2 (E.D. Mich. July 28, 2020); *see also Grizzly Processing, LLC v. Wausau Underwriters Ins. Co.*, No. 7:08-226-KKC, 2009 WL 4730205 (E.D. Ky. Dec. 4, 2009); *Emp'rs Mut. Cas. Co. v. Reilly Plating Co.*, 2008 WL 4757315, at *5. This Court agrees that Branham's claim to enforce her policy is so closely intertwined with EMC's request to interpret that policy that the benefit from declining jurisdiction under the Declaratory Judgment Act "is frustrated." *Adrian*, 481 F.3d at 422. As in *Grizzly*, Branham's request to enforce the policy "cannot be resolved without first determining the issues raised in the declaratory judgment claim." 2009 WL 4730205, at *3. Accordingly, the Court will maintain jurisdiction over EMC's counterclaim for declaratory relief.

**B**

Branham also contends that the Court should remand the case because Joseph Baker, the driver of the car she was injured in, was not joined as a party. [R. 6 at 11-14.] She claims he is an indispensable party whose presence would destroy diversity, mandating remand. *Id.* EMC argues that Baker is not in fact a necessary party. [R. 9 at 13-18.] A party "must be joined" if (1) complete relief cannot be afforded in their absence, or (2) they claim an interest in the action that they could not protect without participating in the action or that could subject them to multiple obligations. Fed. R. Civ. P. 19(a). Branham argues EMC designated Baker as an indispensable party in its Answer, and that he is in fact necessary because EMC alleges he is liable for Branham's injuries. [R. 6 at 12-14.] Consequently, she argues that EMC must seek an apportionment of fault instruction, which is not possible without joining Baker as a party. *Id.* EMC contends that its affirmative defense that Branham failed to join an indispensable party does not necessarily refer to Baker and was raised to avoid waiving that defense. [R. 3 at 4; R. 9 at 13-14.] It clarifies it does not believe Baker is an indispensable party because it can seek an

5

apportionment instruction without joining him. *Id.* at 14-16.  Finally, it argues that even if Baker was joined, it would be as a third-party defendant, which would not destroy diversity and necessitate remand. *Id.* at 16-17.

As a federal court with jurisdiction over a state law claim based on diversity, we apply the substantive law of the forum state. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  Therefore, Kentucky state law governs, and the relevant apportionment statute is KRS § 411.182 (1988).  The apportionment statute allows courts to instruct juries to determine the relative fault of multiple liable parties. *Id.*  The statute specifically applies when an action involves "fault of more than one party to the action, including third-party defendants *and persons who have been released* under subsection (4)." *Id.* (emphasis added).  Subsection four states that "a release, covenant not to sue, or similar agreement" discharges that party's liability for contribution, but that party's share of fault is still calculated in determining the other parties' relative fault. *Id.*  The Kentucky Supreme Court clarified § 411.182 applies to "those who actively assert claims . . . or who have settled by release or agreement." *Baker v. Webb*, 883 S.W.2d 898, 900 (Ky. 1994).  The Court further explained in *CertainTeed* how to apportion fault when some defendants go to trial but others have settled. *CertainTeed Corp. v. Dexter*, 330 S.W.3d 65, 73 (Ky. 2010).  Defendants who previously settled are not required to be joined as third-party defendants to determine apportionment. *Id.*

The statute and case law are clear that an apportionment instruction can be given, asking the factfinder to determine fault of multiple individuals, without joining all of those individuals as parties.  Therefore, EMC's plan to request an apportionment instruction does not make Baker a necessary party.  Complete relief can be accorded without Baker's presence by giving an apportionment instruction including his liability without joining him as a third-party defendant.

6

Further, he does not have an interest he cannot protect and would not be subject to multiple obligations by not being joined. The Court is not required to remand the case to state court because Baker's presence is not necessary, so diversity will not be destroyed.

### III

The Court finds that there is no justification to decline jurisdiction under the Declaratory Judgment Act because there are closely intertwined claims that the Court must hear. The Court further finds that there is no cause to remand for failure to join Joseph Baker as a party because he is not a necessary party, so whether his presence would destroy diversity is irrelevant.

Accordingly, it is hereby **ORDERED** that Branham's Motion to Remand [R. 6] is **DENIED**.

This the 24th day of November, 2021.

Gregory F. Van Tatenhove
United States District Judge